GUSTAFSON, J., dissenting: I would hold, in favor of the IRS, that section 107(2) does not exclude from income a parsonage allowance for two residences. I. Exclusions from income must be narrowly construed. Section 107(2) provides that gross income does not include a minister’s “rental allowance * * * to the extent used by him to rent or provide a home.” (Emphasis added.) Mr. Dris-coll invokes this provision to exclude an allowance that he used to provide two homes for himself. This interpretation of section 107(2) is not impossible; but it is, at best, no more likely than the interpretation that one properly excludes a rental allowance only to the extent it is used to provide one home. Therefore, since the most that can be said for Mr. Driscoll’s position is that section 107(2) is ambiguous, I believe this case is simply decided by reference to the rule ‘“that exclusions from income must be narrowly construed.’” Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (quoting United States v. Burke, 504 U.S. 229, 248 (1992) (Souter, J., concurring)). If we adopt the narrower construction, then we must hold against Mr. Driscoll and in favor of the IRS. II. The IRS’s interpretation of section 107(2) is more likely. In addition to the mere fact that the indefinite article “a” and the word “home” are both singular,[1] there are two features of section 107(2) that indicate it excludes from income only an allowance for one residence: A. A person has one “home”. In common usage, a person has one “home”,[2] and the word therefore has a connotation of singularity. The majority evidently discounts this connotation because the 1954 Congress that replaced the prior “a dwelling house and appurtenances thereof” with “a home” stated that it intended no substantive change.[3] That Congress, however, used the word “home” in its description of then-present law: Under present law, the rental value of a home furnished a minister of the gospel as a part of his salary is not included in his gross income. H. Rept. 1337, 83d Cong., 2d Sess. 15 (1954) (emphasis added); see also S. Rept. 1622, 83d Cong., 2d Sess. 16 (1954). Thus, Congress manifestly thought in 1954 that the allowance had always been for a “home”, and the connotations of the word “home” therefore properly inform our understanding of what Congress intended when it provided an exclusion for an allowance used to provide “a home”. By excluding an allowance for a “home”, the statute has connoted at least since 1954 that an allowance for only one residence is excluded. In this vein, the IRS contends (in its reply brief at 3-4 (emphasis added)): [T]he legislative history and regulations allow a minister to exclude from income the payments from a religious organization for the home — the dwelling place — where the minister lives. In the case of the petitioners, they may own and visit recreational lake houses or other houses, but their home where they live is [the stipulated principal residence]. I find no concession or contradiction of this contention when the IRS’s opening brief refers to Mr. Driscoll’s other residence as a “second home”. That phrase — like “summer home”, “vacation home”, and “home away from home” — presumes the existence of a prior “home” that is one’s habitual dwelling. The phrase “second home” refers instead to a secondary residence that is not one’s actual “home”. B. An allowance is excluded only “to the extent used * * * to * * * provide a home.” However many “homes” or “second homes” a minister may have, he can use only one of them at a time. If a minister were to use an allowance to provide a principal residence for himself and were to use a second allowance to pay for a second house that he never occupied, the exclusion of section 107(2) would be manifestly inapplicable to the second allowance because it was not ever “used * * * to * * * provide a home.” That second allowance did not “provide [him] a home” if he did not ever live at the residence for which it paid. On the other hand, if a minister were to split his year between two “homes” in both of which he did live (but only part time), it could be said that the allowances given for each of those residences did “provide a home” for part of the year. However, those allowances would be excluded (as the statute says) only “to the extent used by him to * * * provide a home.” (Emphasis added.) To the extent that a minister uses an allowance to pay the rent of the house he is actually inhabiting, he is using the allowance to “provide a home.” But to the extent he makes his “home” elsewhere and uses an allowance to pay the rent on an empty house, he is not using the allowance to “provide a home.” The “to the extent” limitation in section 107 assures that a minister can exclude an allowance from income only to the extent he uses it to “provide a home” — i.e., a house where he actually lives. If a minister divides his year between two homes paid for by two allowances, then a portion of each may be excluded from income. In this case the record provides no information on the quantum of Mr. Driscoll’s use of the two residences. The IRS did not disallow any of the exclusion of the allowance for Mr. Driscoll’s principal residence, and Mr. Driscoll did not argue for any allocation that might have been more favorable. Mr. Driscoll therefore used the full extent of the section 107 allowance on his principal residence. III. Exclusion of multiple parsonage allowances would serve no evident legislative purpose. The majority states that the original congressional rationale for the parsonage exclusion in 1921 is “obscure”. Majority op. p. 561. This is hardly a warrant for interpreting the provision broadly to exclude multiple allowances for houses unoccupied for some or all of the year. It is impossible to substantiate, and difficult even to imagine, a congressional motive to extend the exclusion of section 107 to a second residence, or a third, or a fourth. The majority asserts that it approves today only the exclusion of an allowance on a second residence; and the majority brushes aside, as “speculation] about cases that are not before us”, the IRS’s expressed concern about “‘an unlimited number of residential properties being treated as parsonages for one minister.”’ Majority op. note 19. However, there is nothing in Mr. Driscoll’s argument or the majority’s reasoning that would support any distinction between a “second home” and a “third home”. The majority decides today that, if a property is a dwelling house, then it is a “home” for which an allowance is excludable, no matter the number of “homes” a minister may claim. It is true that there are scenarios in which a minister may work in (and therefore reside in) several ministry locations. For example, a minister may be an itinerant evangelist; another minister in a sparsely populated area may serve multiple congregations that are distant from each other; and another minister may have seasonal duties in different locations. A narrow interpretation of section 107 might work to their disadvantage. However, in addition to the parsonage allowance under section 107, the Code also includes section 119 (which excludes lodging on the employer’s premises for the employer’s convenience)[4] and section 162(a)(2) (which allows a deduction for traveling expenses “while away from home”).[5] Taken together, sections 119, 162(a)(2), and 107 (construed to exclude only a single parsonage allowance) would address many of these multiple-ministry scenarios. If there is an argument to be made that these Code provisions make inadequate provision for some of these scenarios, it is an argument that was not made here and thus is not before us. The record includes no suggestion of ministry undertaken at two locations; and instead the parties stipulated that Mr. Driscoll’s principal residence was in Cleveland, Tennessee, and that his second home was “near Cleveland, Tennessee”. The chance that Congress in 1954 thought it was permitting the exclusion of multiple parsonage allowances seems remote. There is therefore no reason not to apply the general rule that exclusions are construed narrowly. I would apply that general rule here and hold that section 107(2) excludes only an allowance used to provide the single home where the minister actually resides. Colvin, Halpern, Gale, Goeke, and Kroupa, JJ., agree with this dissent. The statute’s use of a singular article and noun is not decisive of this question for the reason that Mr. Driscoll argues and that the majority stresses, majority op. p. 566: “unless the context indicates otherwise * * * words importing the singular include and apply to several * * * things”. 1 U.S.C. sec. 1 (2006) (“the Dictionary Act”). However, by its terms this provision applies only “unless the context indicates otherwise”; and section 107(2) is hardly an instance “Where the intent of Congress seems clear but is frustrated by the use of the singular in the statutory wording.” Fields v. Commissioner, 189 F.2d 950, 952 (2d Cir. 1951), affg. 14 T.C. 1202 (1950). Thus, I consider the singular character of the phrase “a home” to be some indication of the congressional intent. The leading (non-obsolete) definition of "home” in the Oxford English Dictionary (1933) is “A dwelling-place, house, abode; the fixed residence of a family or household; the seat of domestic life and interests; one’s own house; the dwelling in which one habitually lives, or which one regards as one’s proper abode”; and the first definition for “home” in Webster’s Third New International Dictionary (1966) is “the house and grounds with their appurtenances habitually occupied by a family : one’s principal place of residence : DOMICILE”. See majority op. p. 562 & note 7 (citing H. Rept. 1337, 83d Cong., 2d Sess. A35 (1954); S. Rept. 1622, 83d Cong., 2d Sess. 186 (1954)). If a minister who maintains his section 107 home in one location is required to be away from home, the value of his stay in a rectory or “prophet’s chamber” on church premises may be ex-cludable under section 119. The minister who is required to be temporarily away from home and to pay for a hotel or other temporary housing may be entitled to deduct that expense under section 162(a)(2). He is temporarily away from his home; but it remains his “home”; and the rent he pays on that home is spent to “provide a home” from which he is only temporarily absent. However, if a minister changes his location and then inhabits a dwelling that now becomes truly his “home” for purposes of section 107, then in that new location he is not “away from home” for purposes of section 162(a)(2). He can exclude under section 107 any allowance for the expense of the new home, and he cannot deduct that expense under section 162.